909 F.2d 1495
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
John L. ELIEL, Thomas R. Eliel and Gregory W. Eliel,
Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 90-5036.
 United States Court of Appeals, Federal Circuit.
 July 11, 1990.
Rehearing Denied Aug. 22, 1990.
 
 Before ARCHER, Circuit Judge, and BENNETT and SKELTON, Senior Circuit Judges.
 Decision
 SKELTON, Senior Circuit Judge.
 
 
 1
 Plaintiffs John, Thomas and Gregory Eliel borrowed over one million dollars from the Farmers Home Administration (FmHA) for ranching purposes in Montana by signing notes and mortgages on their ranch properties. They defaulted on the loan, causing their secured ranch properties to be liquidated. They filed suit in the United States Claims Court for five million dollars in damages against the U.S. claiming misrepresentation by FmHA officials, breach of an implied-in-fact contract and breach of an implied covenant of good faith and fair dealing. The Claims Court dismissed plaintiffs' suit for lack of jurisdiction. Eliel v. United States, 18 Cl.Ct. 461 (1989). We affirm.
 
 Opinion
 
 2
 When plaintiffs defaulted on their loan, they contacted the local FmHA officials and submitted three different written proposals signed by plaintiffs for the liquidation of their property, and for a release from personal liability for any remaining debt after liquidation. The officials informed plaintiffs that they did not have the authority to sign the agreements, and they were never signed by the defendant. Frequent conferences were held between the plaintiffs and the local officials of the FmHA regarding the liquidation proposals and the release from personal liability. The officials told plaintiffs that any such release would have to be approved and signed by the FmHA Administrator in Washington. In due time the ranch properties were sold, with the FmHA local officials taking part in the sales. A balance of the debt remained after liquidation and the plaintiffs requested a release. The request was forwarded to Washington, but the Administrator refused to sign the release. The plaintiffs then filed this suit.
 
 
 3
 In their complaint, plaintiffs contended (1) defendant breached an express or implied contract, (2) defendant should be estopped from denying a contractual relationship which provided benefits for defendant (equitable estoppel), and (3) defendant breached an implied covenant of good faith, fair dealing and honesty.
 
 
 4
 The defendant filed a motion for summary judgment which the Claims Court considered as a motion to dismiss since defendant suggested that the court lacked jurisdiction. The defendant included a counterclaim for the unpaid balance of the debt. In the hearing before the court the plaintiffs relied on their claim of a contract implied in fact and on equitable estoppel. The Claims Court properly rejected both claims.
 
 
 5
 In order for the court to have jurisdiction based on a contract implied in fact, the plaintiffs had to show mutuality of intent, an unambiguous offer, unconditional acceptance, and consideration. Allen Orchards v. United States, 749 F.2d 1571 (Fed.Cir.1984). The plaintiffs failed to allege or prove that any of these conditions existed. The requirements for a contract implied in fact are the same as for an express contract. Algonac Mfg. Co. v. United States, 428 F.2d 1241 (Ct.Cl.1970). Here the written offers of plaintiffs were nothing more than proposals which were never approved nor signed by FmHA. There was never a meeting of the minds of the parties. The local officials of FmHA did not have authority to make a contract for the government. Therefore, their acts and statements did not bind the FmHA. Federal Crop Ins. Corp. v. Merrill, 332 U.S. 380 (1947). In short, there was no implied-in-fact contract between the parties. Consequently, jurisdiction based on that theory was totally lacking.
 
 
 6
 As to equitable estoppel, the Supreme Court recently held in Office of Personnel Management v. Richmond, No. 88-1943 (U.S. June 11, 1990) (reported at 58 U.S.L.W. 4771), that equitable estoppel cannot be used as a basis for money claims against the government. That ruling forecloses plaintiffs' equitable estoppel claim for damages in this case. Furthermore, jurisdiction of the court cannot be based on that theory.
 
 
 7
 During oral argument before us, plaintiffs' attorney stated that plaintiffs were no longer basing their claim on the existence of a contract implied in fact, but were relying on their claim of a breach by the government of an alleged implied covenant of good faith and fair dealing that was created by and arose from the execution of the original notes and mortgages, which they contend created a contract between them and the government. The plaintiff's complaint, however, makes no mention whatsoever of the original notes and mortgages, but instead bases the claim for relief solely on the unaccepted offer presented to FmHA. Having not based their claim on the notes and mortgages in their complaint, plaintiffs cannot do so now. Accordingly, plaintiffs' claim on this theory must fail.
 
 
 8
 Reduced to its simplest terms, the case presents a situation where the plaintiffs borrowed money from the government and executed notes for the debt and gave mortgages on its ranch properties to secure the payment of the obligation. When the notes came due the plaintiffs were unable to pay them and the properties were sold, and the proceeds applied on the notes, leaving a deficit for which they are personally liable. They are now trying to make the government responsible for their difficulties. This cannot be done. The government was only a lender of money and was nowhere at fault. The case is close to being frivolous.
 
 
 9
 The Claims Court correctly dismissed plaintiffs' suit for lack of jurisdiction, and because of such dismissal it properly did not consider defendant's motion for summary judgment and dismissed its counterclaim.